IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00795-MEH

LAURA JORGENSEN,

    Plaintiff,

v.

RITZ-CARLTON HOTEL COMPANY LLC,

    Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

    Defendant seeks to exclude two of Plaintiff's experts pursuant to Federal Rules of Evidence 403 and 702. ECF Nos. 67, 68. Additionally, Plaintiff seeks to exclude eleven of Defendant's non-retained experts. ECF No. 70. The Court will permit Plaintiff's expert, Josh Bauer, to testify regarding the plumbing in Defendant's hotel and restaurant and the cause of the drain backups. However, the Court holds that Mr. Bauer is not qualified to testify about proper hotel management and the maintenance and engineering department's communication system. The Court next holds that Plaintiff's expert, David Corsun, may render opinions except as to whether the drain clogs and resulting water accumulation was a dangerous condition. Therefore, the Court grants in part and denies in part Defendant's motions. Regarding Plaintiff's motion, the Court finds that Defendant provides a sufficient summary of the facts and opinions to which its non-retained experts will testify. Accordingly, Plaintiff's motion is denied.

## BACKGROUND

    Plaintiff filed her Complaint in state court on March 16, 2016, asserting claims for premises

liability and negligence. ECF No. 2. According to Plaintiff, Defendant permitted water to accumulate on the floor of the Ritz-Carlton hotel in Denver, Colorado. *Id.* at ¶ 5. The water caused Plaintiff to fall and sustain serious injuries to her back, neck, and lower left leg. *Id.* at ¶ 9. Defendant removed the case to this Court on April 6, 2016. Notice of Removal, ECF No. 1.

On March 30, 2017, while the parties were engaging in discovery, Plaintiff dismissed the negligence claim. ECF No. 65. On April 19, 2017, Defendant filed the present motions to exclude the testimony of Plaintiff's experts. ECF Nos. 67, 68. Plaintiff endorsed Josh Bauer as an expert in plumbing and the standards for hotel maintenance and engineering departments. *See* Expert Report of Josh Bauer, ECF No. 67-1. Additionally, Plaintiff endorsed David Corsun as an expert in hotel industry standards and effective management practices. *See* Expert Report of David Corsun, ECF No. 68-1. Then, on April 24, 2017, Plaintiff filed the present motion to exclude eleven of Defendant's employees or former employees who Defendant disclosed as non-retained experts. ECF No. 70. Defendant seeks to have these witnesses testify regarding "the reasonable steps that Ritz-Carlton took to prevent water from entering onto the patron floor area." Def.'s Disclosures 3–4, ECF No. 70-1.

## LEGAL STANDARDS

### I. Federal Rule of Evidence 702

Federal Rule of Evidence 702 states, in pertinent part:

> [i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

2

Fed. R. Evid. 702. As the rule makes clear, while required, it is not sufficient that an expert be qualified to give opinions in a particular subject area. Rather, courts must perform a two-step analysis. *103 Investors I, L.P. v. Square D Co.,* 470 F.3d 985, 990 (10th Cir. 2006). First, courts determine whether the expert is qualified by "knowledge, skill, experience, training, or education," *id.* (quoting Fed. R. Evid. 702), and whether the testimony will assist the jury in understanding the evidence or determining a fact in issue. *See, e.g.*, *United Telecomms., Inc. v. Am. Television & Comm. Corp.*, 536 F.2d 1310, 1317 (10th Cir. 1976) ("[E]xpert testimony is not necessary where the matter in issue is such that the jury can be expected to draw the correct inferences from the facts presented.").

Next, the Court must assess the specific proffered opinions for relevance and reliability. *See 103 Investors I, L.P.,* 470 F.3d at 990; *see also* Fed. R. Evid. 702 (requiring that the testimony be "based upon sufficient facts or data," be the "product of reliable principles and methods," and reflect a reliable application of "the principles and methods . . . to the facts of the case"). Rule 702 "imposes on the district court a gatekeeper function to 'ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable.'" *United States v. Gabaldon,* 389 F.3d 1090, 1098 (10th Cir. 2004) (quoting *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 589 (1993)). To execute that function, the Court must "assess the reasoning and methodology underlying the expert's opinion, and determine whether it is both scientifically valid and applicable to a particular set of facts." *Dodge v. Cotter Corp.,* 328 F.3d 1212, 1221 (10th Cir. 2003) (citing *Daubert,* 509 U.S. at 592–93). When assessing reliability, "the court may consider several nondispositive factors: (1) whether the proffered theory can [be] and has been tested; (2) whether the theory has been subject to peer review; (3) the known or potential rate of error; and (4) the general acceptance of a

methodology in the relevant scientific community." *103 Investors I, L.P.,* 470 F.3d at 990 (citing *Daubert,* 509 U.S. at 593–94). These considerations are not exhaustive. Rather, "the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 152 (1999). Ultimately, the test requires that the expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of any expert in the relevant field." *Id.*

While the proponent of the challenged testimony has the burden of establishing admissibility, its proffer is tested against the standard of reliability, not correctness; a proponent need only prove that "the witness has sufficient expertise to choose and apply a methodology, that the methodology applied was reliable, that sufficient facts and data as required by the methodology were used and that the methodology was otherwise reliably applied." *United States v. Crabbe,* 556 F. Supp. 2d 1217, 1221 (D. Colo. 2008) (citing *Mitchell v. Gencorp Inc.*, 165 F.3d 778, 781 (10th Cir. 1999)). "[E]xclusion of expert testimony under Rule 702 'is the exception rather than the rule.'" *Heer v. Costco Wholesale Corp.*, 589 F. App'x 854, 861 (10th Cir. 2014) (quoting Fed. R. Evid. 702 advisory committee notes (2000)).

## II.     Federal Rule of Civil Procedure 26(a)(2)(C)

Federal Rule of Civil Procedure 26(a)(2)(C) requires parties to disclose the non-retained expert witnesses from which they seek to elicit testimony at trial. The "disclosure must state: (i) the subject matter under which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). "A summary is defined as a brief account that states the main points of a larger body of information." *Nicastle v. Adams Cty. Sheriff's Office*, No.

4

10-cv-00816-REB-KMT, 2011 WL 1674954, at *1 (D. Colo. May 3, 2011).

"The requirements of Rule 26(a)(2)(C) 'differ substantially from the more detailed expatiation required of a report provided by a retained expert.'" *Davis v. GEO Corp.*, No. 10-cv-02229-WJM-KMT, 2012 WL 882405, at *3 (D. Colo. Mar. 15, 2012) (quoting *Nicastle*, 2011 WL 1674954, at *1). However, a party "cannot satisfy its obligations under Rule 26(a)(2)(C) by merely pointing to large swaths of information, like general references to otherwise unidentified deposition testimony." *Green Earth Wellness Ctr., LLC v. Atain Specialty Ins. Co.*, No. 13-cv-03452-MSK-NYW, 2016 WL 632051, at *3 (D. Colo. Feb. 17, 2016).

## ANALYSIS

### I. Defendant's Motion to Exclude Josh Bauer's Testimony

Josh Bauer first seeks to testify about what caused the drain to backup and water to accumulate on the floor of the Ritz-Carlton. Am. Expert Report of Josh Bauer 4, ECF No. 85-1. Additionally, Mr. Bauer seeks to opine that Defendant's maintenance and engineering department failed to properly communicate the restaurant's drainage system issues, failed to quickly identify the drainage overflows, and failed to treat backups with the diligence required of maintenance engineers. *Id.*

Although Defendant's motion seeks to exclude the entirety of Mr. Bauer's testimony, Defendant concedes in its reply brief that the Court should permit Mr. Bauer to testify regarding the cause of the plumbing backup. Reply in Support of Mot. to Exclude Josh Bauer's Testimony 1, ECF No. 92. Regarding the remainder of Mr. Bauer's opinions, Defendant contends Mr. Bauer is not qualified to testify about hotel maintenance and management. Mot. to Exclude Josh Bauer's Testimony 2–3. Plaintiff asserts that Mr. Bauer's prior work as a plumber for numerous hotels

qualifies him as an expert on hotel management and maintenance. Resp. to Mot. to Exclude Josh Bauer's Testimony 11–12, ECF No. 85. The Court holds that Mr. Bauer may testify only as to the plumbing system at the Ritz-Carlton and the cause of the drain issues

To be a qualified witness under Rule 702, the expert must possess "knowledge, skill, experience, training, or education" on the subject matter in his report. Fed. R. Civ. P. 702. "Rule 702 does not impose an 'overly rigorous' requirement of expertise, recognizing that specialized knowledge may be acquired through a broad range of experience, skills, or training." *Squires ex rel. Squires v. Goodwin*, 829 F. Supp. 2d 1041, 1048 (D. Colo. 2011). Nonetheless, the qualification element is an essential prerequisite to the admissibility of expert testimony. *Id.* A court should exclude an expert if he does not possess "such skill, experience, or knowledge in [a] particular field as to make it appear that his opinion would rest on substantial foundation and would aid the trier of fact in his search for truth." *Id.* (quoting *Markham v. BTM Corp.*, No. 08-4032-SAC, 2011 WL 1231084, at *16 (D. Kan. Mar. 30, 2011)).

Here, as Defendant concedes in its reply brief, Mr. Bauer is qualified to testify regarding Defendant's plumbing system and the cause of the drain backups. Mr. Bauer has over twenty-one years of experience as a commercial plumber. Am. Expert Report of Josh Bauer 1. He has installed and maintained plumbing systems at hotels and restaurants similar to Defendant's. *Id.* at 1–2. Moreover, he is a licensed Colorado journeyman, and he is UA Star certified. *Id.* at 2.

However, Plaintiff has not met her burden of demonstrating that Mr. Bauer is qualified as an expert in the management of hotel engineering and maintenance departments. Importantly, Mr. Bauer has never been directly employed by a hotel or restaurant, and he has never worked in a maintenance and engineering department. He has not developed or implemented a communication

system for a hotel maintenance department, and he has not had formal training or education in how to manage such a department. Furthermore, although not dispositive of Mr. Bauer's qualifications, he has never testified as an expert regarding the industry standards for maintenance and engineering departments. *Id.* at 3.

Plaintiff argues that Mr. Bauer is qualified on this topic, because he has years of experience working as an outside plumber in commercial settings. Resp. to Mot. to Exclude Josh Bauer's Testimony 11–12. However, Mr. Bauer's experience working with personnel in engineering and maintenance departments is not sufficient, standing alone, to qualify Mr. Bauer as an expert on the necessity of communication within such departments and the standards that managers of such departments must follow to treat drain issues with diligence. That Mr. Bauer regularly speaks with hotel employees, without more, simply does not give him sufficient knowledge and experience regarding how those employees should communicate and otherwise conduct their duties.

Therefore, the Court holds that although Mr. Bauer may render expert opinions as to the cause of the drain issues within Defendant's hotel[1], Mr. Bauer is not qualified to testify as to Defendant's failure to implement a system that quickly and properly identifies drainage system overflows.

---

[1] Because Defendant concedes that Mr. Bauer's testimony regarding Defendant's plumbing system and the cause of the drain issues is helpful and reliable under Rule 702, the Court need not address this issue. *See* Mot. to Exclude Josh Bauer's Testimony 4, ECF No. 67 (stating that, with the exception of Mr. Bauer's testimony about the location of the backup, his testimony is not helpful to the jury); Reply in Support of Mot. to Exclude Josh Bauer's Testimony 1 (stating that Mr. Bauer is not qualified on issues "other than how the plumbing system at the subject property worked and what caused the clog leading to Plaintiff's allegations that there was an accumulation of water on the floor.").

**II.     Defendant's Motion to Exclude David Corsun's Testimony**

Dr. David Corsun first seeks to testify that an obstruction in the main collection line caused the drain clog that led to Plaintiff's fall. Expert Report of David Corsun 4–5. Dr. Corsun would also inform the jury that a drain backup, and the resulting accumulation of water, is a dangerous condition in a restaurant. *Id.* at 1. Further, he will opine that if Defendant's employees had taken proper steps to identify the dangerous condition, such as properly communicating with other employees, Plaintiff's fall would not have occurred. *Id.* In his amended report, Dr. Corsun explains that although Defendant's policies represent hotel and restaurant industry standards, Defendant's employees did not follow these policies. Am. Expert Report of David Corsun 1.

Defendant objects to David Corsun's testimony. Mot. to Exclude David Corsun's Testimony, ECF No. 68. According to Defendant, because Dr. Corsun does not offer objective principles and methods to support his opinions, they are unreliable. *Id.* at 2. Further, Defendant contends Dr. Corsun's testimony will not help the jury understand the evidence or determine a fact in issue. *Id.* at 4–6. Finally, because Dr. Corsun's opinions allegedly misstate the legal standard, Defendant believes they would confuse the jury. *Id.* at 6–7. Plaintiff argues Dr. Corsun's opinions properly set forth the principles that were in place at Defendant's restaurant and how Defendant's employees failed to comply with those standards. Resp. to Mot. to Exclude Testimony of David Corsun 13, ECF No. 86. Further, Plaintiff contends that compliance with Defendant's policies is a complex matter, on which testimony will assist the jury. *Id.* at 14–15.

The Court holds, with the exception of his opinion that a clogged drain is a dangerous

condition, Dr. Corsun may testify as an expert in this case.[2] First, the Court finds Dr. Corsun is qualified as an expert in hotel and restaurant operations. Dr. Corsun has been employed for over thirty years in the hospitality industry, throughout which he had held positions as a manager, restaurant director, owner/operator, board member, and consultant. Expert Report of David Corsun 1. Furthermore, Dr. Corsun has a bachelor's degree from the School of Hotel Administration at Cornell University and a Master of Arts in Food Service Management. *Id.* Defendant does not contest Dr. Corsun's qualifications, and the Court finds that Dr. Corsun is qualified to render opinions on hotel and restaurant management.

Next, the Court holds that, with the exception of his opinion that a drain backup is a dangerous condition, Dr. Corsun's testimony will assist the jury. The Court first finds that expert testimony regarding whether a drain clog is a dangerous condition would not be helpful to the jury. "[E]xpert testimony is not necessary where the matter in issue is such that the jury can be expected to draw the correct inferences from the facts presented." *United Telecomms., Inc. v. Am. Television & Commc'ns Corp.*, 536 F.2d 1310, 1317 (10th Cir. 1976). Jurors are likely to use restaurants and other places of public accommodation and undoubtedly, through life experiences, have knowledge of clogged drains. Therefore, the Court finds that the jury will generally understand whether water

---

[2] The Court notes that some of Dr. Corsun's opinions state impermissible "ultimate principles of law governing the deliberations of the jury." *Specht v. Jensen*, 853 F.2d 805, 808 (10th Cir. 1988). For example, Dr. Corsun states, "it is my opinion that Ritz-Carlton did not take reasonable care and, as a result, did not provide a safe environment to Laura Jorgensen . . . ." Expert Report of David Corsun 1. Dr. Corsun may testify as to specifically how Defendant failed to take reasonable care, but it would be impermissible for Dr. Corsun to state his opinion that Defendant acted unreasonably, as this is an element of Plaintiff's prima facie case. *See* Colo. Rev. Stat. § 13-21-115 (2017); *Parker v. Wal-Mart Stores, Inc.*, 267 F.R.D. 373, 376 (D. Kan. 2010) (holding that an expert could not testify "that defendant's mode of operation was negligent and defendant's employees were negligent . . . .").

accumulation on the floor is dangerous to customers. *See Abramson v. Walt Disney World Co.*, 370 F. Supp. 2d 1221, 1225, 1226 (M.D. Fla. 2005) (holding in a slip and fall case that expert testimony was unnecessary to establish the dangerousness of a raised baseplate at the bottom of a railing); *Collins v. Marriot Int'l, Inc.*, No. 09-22423-CIV, 2012 WL 12948670, at *2 (S.D. Fla. July 2, 2012) (holding that expert testimony was unnecessary to establish that "rough, difficult-to-traverse terrain" is a dangerous condition). Similarly, the Court will not allow Dr. Corsun to testify about Defendant's failure to provide Plaintiff "an environment free from dangers that can cause injury." *See* Expert Report of David Corsun 1. The jury can determine, without Dr. Corsun's assistance, whether a clogged drain and water accumulating on the floor resulted in a dangerous environment.

However, the Court holds that the remainder of Dr. Corsun's opinions may be useful to the jury. The rest of his opinions deal with the cause of the drain backup, the steps that Defendant could have taken to identify and prevent the clog, and the extent to which Defendant's employees' actions complied with Defendant's policies and industry standards. *Id.* at 1–2; Am. Expert Report of David Corsun 4–8. Importantly, the average lay person does not know the steps restaurant employees should take to ensure that drains in the bar area do not clog. Similarly, the appropriate troubleshooting methods for determining the cause of a drain backup are not within the jury's common knowledge. Moreover, the Court finds that jurors would not generally know how to properly use hotel maintenance department communication systems. For example, lay persons may not understand what parts of an engineering shift report or transcendent work order an employee must complete to ensure the engineering department receives sufficient information to troubleshoot a drain issue. Although jurors likely know that communication within a place of employment is important, the intricacies of proper compliance with an established maintenance department

10

communication system is not within the common knowledge of jurors. Accordingly, Dr. Corsun's expert testimony as to the standards within the hospitality industry and the actions restaurant maintenance employees should take when dealing with drain issues will help the jury understand the evidence and determine facts in issue.

Finally, the Court holds that Dr. Corsun's opinions are reliable and relevant. Generally, courts consider four factors when determining whether an expert's opinion is reliable: "(1) whether a theory has been or can be tested or falsified, (2) whether the theory [] has been subject to peer review and publication, (3) whether there are known or potential rates of error with regard to specific techniques, and (4) whether the theory or approach has 'general acceptance.'" *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1233 (10th Cir. 2005) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 593–94 (1993)). However, in cases such as the present, where an expert does not rely on testing or data, and instead supports his opinions "primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Fed. R. Civ. P. 702, advisory committee note; *Poore v. Glanz*, No. 11-cv-797-JED-TLW, 2014 WL 4263225, at *3 (N.D. Okla. Aug. 29, 2014).

Here, albeit barely, Plaintiff sufficiently demonstrates the reliability of Dr. Corsun's opinions. When formulating his opinions, Dr. Corsun relies on his thirty years of experience in hotel and restaurant management. For example, he states that when he operated his own restaurant in New York City he never had to call a plumber, because he followed proper maintenance standards. Expert Opinion of David Corsun 2. Therefore, the Court finds that Dr. Corsun explains how his experience leads to his conclusions. Moreover, by explaining that managing a small restaurant gave

11

him knowledge of the troubleshooting required for plumbing issues, he discusses why his experience is a sufficient basis for his opinions. Am. Expert Report of David Corsun 8. Finally, he reliably applies his experience to the facts. For example, he explains:

> The events and circumstances surrounding this persistent series of floor drain back-ups and overflowing indicates a common cause. My experience as a manager would cause me to conclude there was a common cause, likely an obstruction in the main collection line . . . . This opinion is bolstered by the fact that such backups regularly occurred when no bar operations were ongoing . . . .

*Id.*

Dr. Corsun's application of Defendant's actions to industry standards further bolsters the reliability of his opinions. Dr. Corsun states that Defendant's policies for managing drain backups were consistent with industry standards. Am. Expert Report of David Corsun 4. For example, it is industry standard to have a system of communication, such as the engineering shift reports and engineering work orders. *Id.* Dr. Corsun then opines that Defendant's employees did not comply with this standard. Accordingly, the Court is not persuaded by Defendant's reliance on *Hatfield v. Wal-Mart Stores, Inc.*, where the Tenth Circuit affirmed the exclusion of expert testimony, because the expert did not offer an industry standard for the placement of floor mats. 335 F. App'x 796, 800–01 (10th Cir. 2009). Here, Dr. Corsun offers an industry standard—Defendant's policies—and he explains how Defendant's employees failed to comply with that standard.

To be sure, Dr. Corsun could have provided more detail on specific experiences that led him to his conclusions. Additionally, his opinions would be more reliable if he stated industry standards other than those embodied in Defendant's policies. However, the Court finds that these types of insufficiencies are better left for the jury in determining the weight to give the evidence. *See Werth v. Makita Elec. Works, Ltd.*, 950 F.2d 643, 654 (10th Cir. 1991) ("[D]oubts . . . concerning the

12

sufficiency of the factual basis to support [the expert's] opinion go its *weight*, and not its admissibility."); *Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

Regarding relevance, Defendant does not argue, and the Court does not find that Dr. Corsun's opinions are irrelevant. Indeed, the cause of the drain backups and the manner in which Defendant dealt with the backups are directly relevant to whether Defendant failed to exercise reasonable care with respect to dangerous conditions in the restaurant.

In sum, the Court holds that, with the exception of his opinions regarding the existence of a dangerous condition, Dr. Corsun may testify as an expert in this case. Accordingly, the Court grants in part and denies in part Defendant's Motion to Exclude Dr. Corsun's Testimony.[3]

### III. Plaintiff's Motion to Exclude Eleven Named Employees/Ex-Employees From Defendant's Disclosures Pursuant F.R.C.P. 26(a)(2)(C).

Defendant's expert disclosures listed eleven employees or former employees as non-retained experts pursuant to Federal Rule Civil Procedure 26(a)(2)(C). Def.'s Disclosures 3–4. In an attempt to provide a summary of the individuals' facts and opinions, Defendant stated:

> These individuals are expected to testify regarding their knowledge and experience and explain the reasonable steps that the Ritz-Carlton took to prevent water from entering onto the patron floor area. These individuals may discuss the nature of bar/restaurant drains and that it is impossible to prevent drain issues 100% of the

---

[3] Defendant also argues Dr. Corsun's opinions are inadmissible under Rule 403. According to Defendant, Dr. Corsun's statement that Defendant failed to provide Plaintiff an environment free from dangers would confuse the jury by misstating the appropriate standard. Mot. to Exclude David Corsun's Testimony 6. However, the Court already ruled that this testimony will not assist the jury. Furthermore, as for Defendant's contention that the opinions are not based on accepted practices, the Court found that Dr. Corsun's opinions are sufficiently tied to industry standards.

13

> time. These individuals will describe the reasonable steps Ritz-Carlton took to protect patrons from drain blockages and related water issues. These individuals are expected to testify consistent with their depositions, if taken.

*Id.* at 3. Plaintiff argues this disclosure insufficiently summarizes the facts and opinions to which the experts will testify. Mot. to Exclude Non-Retained Experts 2. Defendant rebuts Plaintiff's contention by first stating that this testimony is not, in fact, expert testimony, and it disclosed the individuals only out of an abundance of caution. Resp. To Mot. to Exclude Non-Retained Experts 2. Additionally, Defendant argues that even if the Court deems this to be expert testimony, the disclosure complies with Rule 26(a)(2)(C). *Id.* at 2–3. To the extent Defendant seeks to elicit the opinions of its former employees, the Court agrees with Plaintiff that this is expert testimony, but holds that the disclosures comply with Rule 26(a)(2)(C).

First, it is not entirely clear that Defendant will seek expert testimony from these individuals. Defendant summarizes its employees' testimony as "steps taken to avoid drain backups, water leakage, and the frequency with which these matters occur . . . ." *Id.* at 2. Steps the employees actually took to avoid backups and the frequency with which this type of issue occurred at the Ritz-Carlton is factual evidence not subject to the disclosure requirements of Rule 26(a)(2)(C).

However, Defendant's disclosures state that the employees will discuss the reasonableness of their actions and that it is impossible to prevent drain issues 100% of the time. Def.'s Disclosures 3. Because a lay person would not generally know this information, opinion statements of this type are reserved for experts. Fed. R. Evid. 701 (stating that lay witnesses may not offer opinion testimony based on technical knowledge). However, the Court holds that Defendant's disclosures are sufficient. Rule 26(a)(2)(C) requires only that Defendant provide "a brief account that states the main points of a larger body of information." *Nicastle v. Adams Cty. Sheriff's Office*, No.

14

10-cv-00816-REB-KMT, 2011 WL 1674954, at *1 (D. Colo. May 3, 2011). According to the disclosures, the witnesses will discuss the steps Defendant took to prevent water from entering the patron floor area, the nature of Defendant's drain system, and that drain issues are impossible to prevent. Def.'s Disclosures 3. Additionally, the disclosures direct Plaintiff to the witness' deposition testimony discussing these issues. Therefore, Defendant provides three specific areas on which the experts will render facts and opinions. Furthermore, although citing deposition testimony, without more, would be insufficient to comply with Rule 26(a)(2)(C), Defendant cites the depositions in conjunction with its list of more specific areas in which the individuals will testify. Rule 26(a)(2)(C)'s "brief summary" requirement does not demand more detail.

The Court's holding is supported by the findings of other judges within this District. In *Nagle v. Mink*, the plaintiff's disclosure stated that a non-retained expert would testify about how diabetes affects a persons major life activities, and specifically, how diabetes affects the plaintiff emotionally. No. 10-cv-01935-PAB-MEH, 2011 WL 3861435, at *2 (D. Colo. Aug. 29, 2011). The court held that the disclosure complied with Rule 26(a)(2)(C). *Id.* at *6. Critically, the court did not require specific examples of how diabetes physically and emotionally affected the plaintiff. Similarly, this Court will not require Defendant to list examples of the steps its employees took to resolve the drain issues.

Conversely, in *Guara v. City of Trinidad*, the court held that Rule 26(a)(2)(C) disclosures were insufficient where the plaintiff stated only that the expert would testify as to the defendant's unconstitutional discrimination and creation of a hostile work environment. No. 10-cv-02529-WJM-KMT, 2011 WL 5374777, at *1 (D. Colo. Nov. 8, 2011). Here, if Defendant disclosed only that its non-retained experts would testify that they exercised reasonable care in the performance of their

15

duties, this would likely be insufficient. However, Defendant provided that its witnesses will explain specifically how they exercised reasonable care—by taking steps to ensure drain clogs did not happen. Additionally, Defendant stated the experts will discuss the nature of the drains and the impossibility of preventing leaks. The Court holds this is sufficient to provide Plaintiff "with adequate notice of the factual basis for the opinion testimony [] [D]efendant will seek to introduce in this case." *Nicastle*, 2011 WL 1674954, at *2. Accordingly, the Court denies Plaintiff's motion to strike.

## CONCLUSION

In sum, the Court holds that Mr. Bauer may testify only regarding Defendant's plumbing system and the cause of the drain clogs. Accordingly, Defendant's Motion to Exclude Josh Bauer's Testimony [filed April 19, 2017; ECF No. 67] is **granted in part and denied in part**. Additionally, with the exception of his statements as to whether a dangerous condition was present at the restaurant, Dr. Corsun may render expert opinions in this case. As such, Defendant's Amended Motion to Exclude David Corsun's Testimony [filed April 19, 2017; ECF No. 68] is **granted in part and denied in part**. Finally, the Court holds that Defendant sufficiently discloses the facts and opinions of its eleven non-retained experts. Thus, Plaintiff's Motion to Exclude 11 Named Employees/Ex Employees From Defendant's Disclosures Pursuant to Fed. R. Civ. P. 26(a)(2)(C) [filed April 24, 2017; ECF No. 70] is **denied**.

Dated and entered at Denver, Colorado this 8th day of August, 2017.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge